IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL B. MCCARDLE, et al.,[1]

    Plaintiffs,        CIV. NO. S-11-1927 GEB GGH PS

    vs.

PLACER TITLE CO., et al.,

    Defendants.        FINDINGS AND RECOMMENDATIONS

/

        This action was referred to the undersigned pursuant to Local Rule 302(c)(21). Presently pending before the court are three motions to dismiss, one motion filed by defendants Aurora Loan Services, LLC, Aurora Bank, FSB and Mortgage Electronic Registration Systems, Inc. on August 29, 2011, a second motion filed by defendant Placer Title Company on September 22, 2011, and a third motion filed by Homecomings Financial LLC on October 3, 2011. Plaintiff did not file an opposition to any of the three motions. All motions were taken under submission without oral argument. Having reviewed the motions, the court now issues the following

---

[1] Plaintiff McCardle has named "El Dorado County Recorder's Office (Qui Tam)" as a co-plaintiff. However, a federal qui tam action implicates the interests of the United States as potential plaintiff, and not a state entity. Equally, importantly, plaintiff may not bring a qui tam action *pro se*. Stoner v. Santa Clara County Office of Education. 502 F.3d 1116, 1121 (9th Cir. 2007). Therefore, whether El Dorado County is aware of this suit brought on its behalf, or not, is immaterial to the outcome here.

findings and recommendations.

In the order requiring joint status report, filed July 22, 2011, plaintiff was advised of the requirement to obey federal and local rules, as well as orders of this court, and the possibility of dismissal for failure to do so.  Defendants filed three separate motions to dismiss on August 29, 2011, September 22, 2011, and October 3, 2011, as well as notices rescheduling hearing dates on August 29, 2011 and October 3, 2011, to which plaintiff did not respond.  By orders filed October 7, October 19 and November 3, 2011, the hearings on the motions were vacated due to plaintiff's failure to file oppositions.

Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court.  As set forth in the district court's order requiring status report, failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party."  E. D. Cal. L. R. 230(c).  More broadly, failure to comply with the Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

(setting forth same factors for consideration as <u>Ghazali</u>).

The court has considered the factors set forth in <u>Ghazali</u>.  "[T]he key factors are prejudice and availability of lesser sanctions."  <u>Wanderer v. Johnston</u>, 910 F.2d 652, 656 (9th Cir.1990).  Defendants are clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits.  The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be dismissed.  In sum, the court now has had much experience resolving pro se cases brought for the purpose of delaying the inevitable foreclosure of one's home, with the same result on the merits, that the law does not provide a remedy for this unfortunate situation.

Accordingly, IT IS RECOMMENDED that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 4, 2012

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076:McCardle1927.fr.wpd